Good morning, your honors. If it pleases the court, it's important to remember why we're here. The prior panel found that the BIA definition of obstruction of justice was constitutionally infirm. It was unworkable and vague, and they sent it back to the board to either resubmit Espinoza and find that there needed to be an ex-tantrudo proceeding or to create a new standard. I would submit that they have failed. The only real difference in their definition now is where they talk about affirmative intentional intent motivated by a specific intent. That's no different than the other one. Nobody thought that you could obstruct justice negligently. But then they talk about there must be pending or reasonably foreseeable by the defendant that another's punishment resulting from a completed proceeding. Now, there's two problems with that. That certainly covers a grand jury, an IRS audit, a special prosecutor questioning Roger Stone. It doesn't cover the stop on the street or the knock on the door where there's no- Before we get to that, at least I'm concerned about the Chevron analysis aspect of this. And I'd like to begin by asking you whether you believe that the law of the case dictates the conclusion in this case that section 101A43S is ambiguous. Are we bound by the previous panel's ruling? Well, certainly the previous panel's found that it is ambiguous. They certainly found that Chevron deference is not appropriate. I mean, that was exactly the specific finding in the whole line of cases of Salazar, Luviano, Huang, Renteria, that you don't- Phase II of Chevron is unreasonable if it's overly vague and unworkable. So I think the Chevron is not applicable here. It's been specifically found by other panels to not apply. I mean, indeed, Valenzuela-Gallardo I specifically found that. They said it is not entitled to Chevron deference. That's why they sent it back. In fact, what they basically said is, for matters of prudence, simplicity, and clarity, obstruction of justice in the immigration context requires an ongoing judicial proceeding. And yet, they said, they wanted the board to have the leeway to create a new definition. Now, there's a second problem with that new definition. You'll notice they made a categorical finding, right? So no extrajudicial documents are admitted in a categorical finding. So as the alien, how can I defend against what's foreseeable, right? The only documents that are in here are a conviction document. It's unworkable. I mean, you know, how does the government prove it? But how does the defendant say, oh no, it wasn't reasonably foreseeable because somebody knocked on my door and asked about my wife? You see what I'm saying? I mean, it's vague as it is because it doesn't cover everything that happens. Again, for my colloquial reasons, the stop on the street or the knock on the door, where there's no prosecutorial agent in sight and it may never happen. And two, how do we defend against it? How does the alien defend against it? How do I say it wasn't reasonably foreseeable? By making a categorical finding, they're basically saying Penal Code 32 will be obstruction of justice forever. I don't think that comports with this court's case law. So I mean, you know, we give the board a C minus here. I don't think they properly crafted a definition that fixes the infirm nature of their first definition. And so, I mean, I think that almost ends the analysis. But this, you know, the thing that's curious about the BA's decision, they don't quote a single one of the cases that propelled the remand. You know, the most obvious case is Salazar-Luviano, where the gentleman helped people escape. But they found there was an obstruction of justice because there was no charging document. Two, they make the strange point that if we require an extant judicial proceedings, there will never be obstruction of justice under 8 U.S.C. 1512, witness tampering or destruction of records. Well, witness tampering would have to be related to an extant judicial proceedings. And 1519, which is tampering, tampers with documents, falsification, alteration. That's an intentional act, and you wouldn't be destroying records unless you were truly trying to obstruct justice. So my, you know, this, I think everyone agrees, this particular area of law, per immigration, is very confusing. We have the opportunity here to have clarity and simplicity that require, you know, and which is conformity with most of the case law. Again, it's, as in Espinoza, the board even said, there are times where something may actually obstruct justice, but it's not obstruction of justice with a capital O under immigration. And again, this is one of the particular problems with immigration law, is that, you know, in the criminal context, you can bring in all sorts of stuff. People can testify. Here, they have a definition that's categorical. I cannot defend it. I can't bring up other evidence and say, no, it wasn't reasonably foreseeable. So I mean, I think for purposes of prudential reasons, clarity and simplicity, the court should just agree with a whole line of cases that say, for the purposes of simplicity, clarity, obstruction of justice in the immigration context, not the criminal context, requires an extant judicial proceeding. And I'll use up my time. Would you address whether the obstruction of justice as defined by, as newly defined by the BIA, is a categorical match for CPC section 32? Accessory after the fact? Right, that's what they're saying. And that's what I'm saying, that that's incorrect because we have, you know, our argument of divisibility was that the federal definition requires a proceeding 32 doesn't. The board is basically saying that 32 will always be obstruction of justice. And that's not in conformity with all the other case law of this circuit. It says that, no. They're putting aside all the Chevron deference stuff. It's just not a categorical match, even if you accept the BIA's new definition. I would say yes, it's not a categorical match. That's why we should simply, you know, again, this is not, you know, there's cases, there's uncontroverted Ninth Circuit case law that has not been overturned. The BIA essentially ignored those cases and then fashioned this definition that is, again, I don't think it covers, you know, the word investigation does not cover everything that happens on the street. And, you know, they quoted Marinello, which has a much better definition, which the government must show amongst other things that there's a nexus between the defendant's conduct and a particular administrative proceeding, such as an investigation, an audit, or other targeted administrative action. That nexus requires a relationship in time, quotation, or logic with an administrative proceeding. And that's the Supreme Court. So I submit that to make everybody's life easy, obstruction of justice in the immigration context requires an extant proceeding. Thank you, counsel. May it please the court, Rebecca Hofford Phillips on behalf of the United States Attorney General. I want to say, first of all, that he wasn't disputing in his brief whether it was a categorical match. He was disputing the propriety of the board's decision there. Rebecca, do you agree as a matter of law, we have to make that determination? Yes, Your Honor. Yes, you can. I think if you get to the point where you find the board's definition is reasonable, it would be hard to find that CPC 32 doesn't fall into it just because of how analogous it is to the federal. Because saying reasonably, what is it, reasonably expected? Is that the? Reasonably foreseeable. Reasonably foreseeable. Yes. Because it's always reasonably foreseeable when there's a crime involved and you're covering up for it, right? So what is the board's new definition really add or take away? There's not any single crime, any single act before or after that would not be reasonably foreseeable around an actual crime. So is that, does that create a host of other problems? As I understand what you're saying is actual foreseeability sort of being a proxy for reasonable foreseeability is, to the extent that's basically what this statute does. And yes, Your Honor, what we would say is under this statute, the actual foreseeability that you have to have in order to specifically act to intend to hinder the arrest, prosecution, all of the parts of the process of justice basically there, that the actual foreseeability is essentially the reasonable foreseeability. To the extent that there have been arguments made that, well, a crime is committed just because a crime is committed and you do something. The problem there is that if you're not acting objectively reasonable, the objective reasonable standard here is what saves the definition from vagueness. My opposing counsel has not raised this specific issue. I have briefed it in other cases that are currently pending before the court in terms of how reasonable foreseeability as a legal standard works. And it is very distinguishable, for example, looking at the ordinary case or substantial risk that was found to be vague in the DiMaia 16b context, because here what you're looking is a legal standard and the objective reasonableness standard is in no way ambiguous. It is very widely understood. It's like the entirety of tort law. You're looking at the reasonable person under those ordinary circumstances would or wouldn't do. There's no legal imagination being applied here. It is in fact a legal standard that is applied similarly throughout the country, both in federal and state law. And so because you're using reasonable foreseeability, and that's also what the Supreme Court adopted to narrow similarly broad obstruction-related provisions, such as that in the tax code in Marinello, which was also not discussed by my opposing counsel here, but to the extent that the reasonable foreseeability in Marinello was acceptable by the Supreme Court there to sort of narrow, it saw that something that was sort of in the offing, on the horizon, that was what Marinello was looking at. And same thing in Arthur Anderson. In terms of these, a lot of these cases have to do with spoliation in terms of the preservation or destruction of evidence when it is reasonably foreseeable that that evidence is gonna be needed. That's when the reasonable foreseeability standard generally arises in those types of statutes. So looking at those lines of cases, those have been found, the reasonably foreseeability standard has been found to be acceptable in those situations as the measure of when you would expect someone to throw away or to preserve evidence in anticipation of something. And it means that it's on the horizon. It means that a person under those circumstances would reasonably expect that that evidence would be needed. And I have to point out that the court last time around, in footnote seven, the majority of the panel said, the dissent argues that the board's definition is not missing the required nexus. And then they were quoting to a foreseeable or contemplated proceeding and suggest that the interpretation requires a nexus to an ongoing or contemplated proceeding. But this is not what the board said in Valenzuela-Gallardo the first time around or in our oral argument before our court. The board simply said that the existence of proceedings is not an essential element. As the dissent suggests, if the board intends that interference with the process of justice to mean interference with an ongoing or foreseeable or contemplated investigation or proceeding, it can clarify this on remand. The board essentially took the instructions of this court's prior decision and went with it. It would be next to impossible to see how the board could have gone wrong by following the majority of this panel the last time. They simply followed that footnote. That footnote happens, the reasonable foreseeability standard also happens to be in line with everything that the Supreme Court case law supports as well. But I have to point out that it's hard to say how they could have gotten it wrong this time when all they did was take exactly what the court suggested that they do. I have to point out that we absolutely are stuck with the fact that this is an ambiguous statute. Many of my opposing counsels in other cases continue to urge this court to take the position of the Third Circuit and find that this is an unambiguous provision and that a crime must relate to Chapter 73 and it's simply wrong on all levels. This court has three times recognized the ambiguity of this statute. First in Renteria, then in Salazar based on Renteria, and then in Hoang, this court actually acknowledged the Third Circuit's position on the matter and said, well, we're not following that. We've already decided that we're not following that. And so there's been already an express recognition and rejection of the unambiguous approach here. So we are absolutely at step two of the reasonableness of the board's definition. And what the board didn't do last time that the court found trouble with was that it didn't define the process of justice and what that means and where does it begin and where does it end? And that was what the court was very much concerned about. And so now what we know here is where the process of justice begins when an investigation is reasonably foreseeable and it ends when you're interfering in someone's punishment from whatever the consequences were for all the arrest, trial, punishment. So that's where it ends. We have a beginning and we have an ending. And so the board fixed essentially what was missing from the prior definition. And as I mentioned before, simply followed the court's instructions. And so- Can we just back way up? Yes. Because if I were looking at this without all of this precedent and how we've already gone back and forth,  to this statute because it defines a crime as opposed to a civil immigration penalty. And so because there's criminal implications, I'm sure you're familiar with the term dual application. It's a dual application statute and has also potentially severe consequences. Isn't that something that is of a criminal punitive nature, something that the courts define, not the agencies? Your Honor, this court has never held that the agency is not free to define these aggravated felony provisions because of the fact that they have these civil immigration consequences because they are interpreting them in the administrative context. I'm saying because it's also a crime. Yes. And we have reserved to our province the interpretation of criminal statutes as opposed to the interpretation of civil statutes. So I'm just questioning whether Chevron applies. Usually Chevron applies to the agency's interpretation of statutes that it implements, right? The agency doesn't implement criminal statutes. Courts do. Well, Your Honor, as I pointed out, I mean, in the brief, I point out the very small, very, very small number of actual criminal applications that the aggravated felony provision actually has in practicality. The number has actually even gone down in terms of the number of actual prosecutions that are using it. So compared to the huge number of applications in the civil immigration context, there is a very small fraction of criminal applications. And this court has specifically found that it must follow Supreme Court precedent. And Supreme Court precedent says that Chevron deference applies to the agency's findings with respect to the aggravated felony provisions. And so this court has never found that to be a problem in terms of allowing Chevron deference. And especially looking at this particular case, at no point did this court say in its prior decision that the board was not free to fashion a definition on remand. In fact, it specifically gave that in the remand orders. So, you know, the law of the case here and in terms of the law of the Supreme Court. Are we bound with the law of the case here? Well, yes, Your Honor. I mean, the court's prior remand specifically said the board is free to follow, it offered the option of following its prior definition in the Espinoza case or a definition that doesn't invoke vagueness concerns. And so the remand was specifically for the board to create a definition. And so in this case, you have the board just coming back and doing what the court asked it to do. So this is all basically part of the same case here. I wanted to point out, I meant to point out earlier with the reasonable foreseeability that it- Just wondering if it's the exact same case why our prior panel didn't take it. You know? Oh, you mean why wasn't it reassigned back to that panel? Yeah. Oh, Your Honor, it's above my pay grade. I know, I'm just wondering because if it were the exact same case, I would have thought they would have taken it. I was surprised, Your Honor. I actually thought that it would make sense myself that way since they were very familiar with it. But, you know, I trust this court knows exactly what's going on here and just as easily pick up where they left off, which is basically, you know, this back and forth exchange, which I wanna get to in a moment because that has to do with the retroactivity analysis in terms of the unsettled nature of the law. I just wanted to point out in terms of how do you look at reasonable foreseeability when it's not an actual element of the offense and you're sort of looking at the inherent nature of the offense. There have been a couple instances where this court has had no problem looking at sort of the inherent nature of an offense to decide that it fit a definition. One case in- is looking at the meaning of obstruction of justice at the time that this statutory provision was enacted. Not at any inherent offense or anything, but we have to look at what Congress had in mind when it enacted this statute. You mean, yeah. I mean, what did Congress mean when it included obstruction of justice, bribery of a witness, and perjury at the time? We're gonna do straightforward statutory interpretation in step one. Sure, I mean, and the fact that Congress added section 1519, which doesn't require ongoing proceeding since then, sort of confirms that, and also 1512, it confirms that a nexus to a proceeding was never part of chapter 73 to the extent that Congress had chapter 73 in mind when it created this provision. Certainly, you know, there's not, so that's the whole problem with what opposing counsels and other cases, they do the same thing. They take the broad provisions of chapter 73 and act like it's the entire chapter when in fact there were provisions already in the chapter. Later enacted, later enacted. But also enacted previously. So both prior to the inaction and post the inaction. So 1512 was already there. And 1512 specifically talked about the contemplation of giving information or a communication prior to a proceeding. And that has to do, there was like, with dissuading a witness or whatever. And then 1519, I think was like the Sarbane-Oxley additions that basically were post enacted, post this provision, but they confirm that Congress never intended chapter 73 to be limited in any way to a proceeding. But that broad provisions that seemingly would include a lot of conduct can be narrowed in a way that allows us to understand the scope of them by using reasonable foreseeability. And that was the case in both the Marinello, a very similar, what they call the omnibus clause of section 1503 that's constantly referred to, in that Aguilar case, Marinello addressed one in the tax code that was pretty much analogous and said, we're talking about reasonable foreseeability here same thing in Arthur Anderson, something that can be foreseen. And so, and speaking of the reasonable foreseeability, in terms of like looking at the inherent nature of an offense, whether something is reasonable, reasonably foreseeable, in both the 16A context and in the crime involving moral turpitude context, in the 16A, it was Meltzer-Massino and in the crime involving moral turpitude, Tall versus McKasey, the court has had no problem looking at the inherent nature of an offense to determine whether it qualifies as a generic offense. And so what we're saying is there may not be every crime, like for example, this crime doesn't include reasonable foreseeability in its actual elements, but you're looking at the inherent nature of the offense. As I mentioned, the actual foreseeability is a proxy for reasonable foreseeability in this case. And to the extent that there was ever any retroactivity analysis, I mean, it's kind of hard to even say that with a straight face in this case, because at every point during the decision process that was made here, it was always that this is an AGFEL. So this particular statute, from the very beginning, the IJ used matter of Batista-Hernandez to say that the existing precedent at the time was finding that this statute, because there it was USC-3 that was found to be an AGFEL. And so the IJ and... In AGFEL? Oh, I'm sorry, an aggravated felony. I'm sorry, that's government speak. I didn't even realize I said, an aggravated felony. Yes, I'm sorry. So at every point in the proceedings, there was law that was supporting that, but to the extent that there was uncertainty as I filed the 28-J in matter of Cordero-Garcia, the BIA did acknowledge that there might have been some uncertainty, but that all of the factors in the Montgomery Ward retroactivity analysis would weigh in the government's favor. Okay, you're over your time. Yes, Your Honor. No, no, but I want to ask you one more question. Yes. The definition of section 32, CPC section 32, it makes accessory after the fact punishable where the person has knowledge that the principal has committed such felony. Isn't that an overbroad to reasonably, isn't that defined overbroad to reasonably foreseeable? Because you can, someone could have committed a felony that no one would ever find out about under the objective circumstances, and therefore no proceeding would be reasonably foreseeable, right? Well, Your Honor, you have to keep, so it says every person after a felony has been committed harbors, conceals, or aids with the intent that said principal may avoid or escape the arrest trial punishment. So it's that specific intent. The intent. Right. So that's not an objective standard. Well, so here, as I mentioned, there's actual foreseeability because you have a specific. You mean here under the circumstances? I'm sorry, here in this statute, here in this particular crime. There might be, and states can vary on how they do this, but really in these hindering prosecution, rendering criminal assistance, accessory after the fact, they're all written in the same general way, which is to act with a very specific intent. And it is very much that specific intent that there's no, in terms of the Duenas-Alvarez, there's no realistic probability here that somebody is going to act with a specific intent and have the actual foreseeability that wasn't also reasonably foreseeable, if that makes sense. Well, we'll think about it. Okay. Yes, Your Honor. Thank you very much. Thank you, counsel. I promise, very briefly, to the notion that I didn't address Marinello, I quoted in my brief on 1920, and I quoted it on the record here. However, what I'd like to address, when counsel talks about the fact that there's 18 U.S.C. 1512 and 18 U.S.C. 1519 were promulgated, that that somehow advances their argument. Quite the contrary. The panels in Hong, Renteria, Salazar, they all had 1512 in front of them, and they said it requires an extant judicial proceedings. 18 U.S.C. 1519 is not even remotely helpful to them. That deals with the specific act of destroying, altering, and falsifying records. So that doesn't really get them very far. I also find it astonishing that the government favorably quotes, again, Renteria, Salazar, you know, helping the prisoners escape case. Those cases do not stand for anything except the inescapable conclusion that for prudential reasons, it must be found that there needs to be an extant judicial proceedings. Finally, there is this catch-22, this whole idea of foreseeability in all this business. By making it categorical, the defendant has no defense. He can't say, oh, it wasn't, because if you make a categorical finding, you can't bring in the police report, you can't bring in the investigator's notes. So literally, it's catch-22. We say it's reasonably foreseeable under Penal Code 32, and if you want to refute it, you can't, because basically all they need is a four-cornered statute. So again, sorely lacking in this area of law, simplicity and clarity, I say this court should follow existing Ninth Circuit case law and decline to defer to the BIA. All right. Thank you, counsel. Valenzuela-Gallardo v. Barr will be submitted, and this session of the court is adjourned for today. All rise.
judges: Siler, Wardlaw, M. Smith